## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EARTH FARE, INC., *et al.*,[1] | Case No. 20-10256 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> February 27, 2020 at 2:00 p.m. (ET) |
| | **Objection Deadline:** <br> February 20, 2020 at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Earth Fare, Inc. ("**Earth Fare**") and EF Investment Holdings, Inc. (each a "**Debtor**" and, collectively, the "**Debtors**") hereby submit this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as Exhibit D (the "**Proposed Order**"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**" or the "**Firm**") as counsel for the Debtors, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the declaration of M. Blake Cleary (the "**Cleary Declaration**"), attached hereto as Exhibit A, and submit the declaration of Charles Goad (the "**Goad Declaration**"), attached hereto as Exhibit B. In further support of this Application, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

25713475.5

for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2014 Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1.

## BACKGROUND

2. On February 4, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.

3. The Debtors have continued in the possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed in the Chapter 11 Cases.

5. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the *Declaration of Charles Goad in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

25713475.5

4

**RELIEF REQUESTED**

6. By this Application, the Debtors request that the Court enter the Proposed Order, authorizing the Debtors to retain and employ Young Conaway as bankruptcy counsel for the Debtors in the Chapter 11 Cases, *nunc pro tunc* to the Petition Date.

**BASIS FOR RELIEF**

**A.    Young Conaway's Qualifications**

7. The Debtors seek to retain Young Conaway as their bankruptcy counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors submit that Young Conaway's knowledge, expertise, and experience practicing before the Court will enable it to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for the Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Cases. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as bankruptcy counsel in the Chapter 11 Cases.

**B.    Payment of Fees and Expenses**

8. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The principal attorneys and paralegals presently designated to represent the Debtors, and their current standard hourly rates, are:

        a. Pauline K. Morgan      $1,025.00 per hour

        b. M. Blake Cleary      $940.00 per hour

25713475.5

      c. Sean T. Greecher          $715.00 per hour

      d. Ian J. Bambrick           $610.00 per hour

      e. Shane M. Reil            $525.00 per hour

      f. Allison S. Mielke          $490.00 per hour

      g. Malak S. Doss (law clerk)    $375.00 per hour

      h. Brenda Walters (paralegal)  $305.00 per hour

9. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtors in connection with the matters described herein.

10. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

25713475.5

11.     Young Conaway was retained by the Debtors pursuant to an engagement agreement dated November 4, 2019 (the "**Engagement Agreement**"). In accordance with the Engagement Agreement, Young Conaway received an initial retainer in the amount of $175,000 and a subsequent retainer in the amount of $173,410.47 (collectively, the "**Retainer**") in connection with the planning and preparation of documents and its proposed postpetition representation of the Debtors. In addition, Young Conaway received three payments from the Debtors, for services rendered and reimbursement of chapter 11 filing fees for each of the Debtors, prior to the Petition Date, as more fully set forth in Young Conaway's statement pursuant to Bankruptcy Rule 2016, which is attached hereto as **Exhibit C**. The payments described in **Exhibit C** were applied to the invoice and, accordingly, did not diminish the Retainer. After applying a portion of the Retainer to the outstanding balance existing as of the Petition Date, Young Conaway continues to hold a Retainer in the amount of $172,160.57. The remaining Retainer will constitute a general retainer as security for postpetition services and expenses.

12.     In this case, the general security retainer is appropriate for several reasons. See In re Insilco Techs., Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); see also In re CTC Commc'ns Grp., Inc., Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14–15 ("I agree and adopt wholeheartedly Judge Carey's decision in the Insilco case."). First, these types of retainer agreements reflect

25713475.5

normal business terms in the marketplace. See In re Insilco Techs., Inc., 291 B.R. at 634 ("[I]t is not disputed that the taking of retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in In re Insilco Technologies, Inc., and adopted in In re CTC Communications Group, Inc., the facts and circumstances of the Chapter 11 Cases support the approval of the security retainer.

13. As set forth in the Cleary Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**C.    Services to Be Provided**

14. The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

> i. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the management of their properties, and the sale of their assets;
>
> ii. preparing and pursuing confirmation of a plan and approval of a disclosure statement;
>
> iii. preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;
>
> iv. appearing in Court and protecting the interests of the Debtors before the Court; and
>
> v. performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

15. By separate applications, the Debtors are asking the Court to approve the retentions of: (a) FTI Consulting, Inc., as financial advisor; (b) Epiq Corporate Restructuring, LLC, as administrative agent; (c) Malfitano Advisors, LLC, as asset disposition advisor; (d) Hilco IP Services, LLC d/b/a Hilco Streambank, as intellectual property sale advisor; and (e) A&G Realty Partners, LLC, as real property sale advisor.  The Debtors may also file motions or applications to employ additional professionals throughout the duration of the Chapter 11 Cases, as needed.

16. Each of these firms works, and will continue to work, under the direction of the Debtors' management.  The Debtors' senior management are committed to minimizing duplication of services to reduce professional costs.  To that end, the Debtors understand that Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.     Bankruptcy Rule 2014 Disclosure**

17. To the best of the Debtors' knowledge, and except as disclosed herein and in the Cleary Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates.  Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

> i.   are not creditors, equity security holders, or insiders of the Debtors;
>
> ii.  are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtors; and
>
> iii. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

18. For the above reasons, the Debtors submit that Young Conaway's retention and employment is necessary and in the best interests of the Debtors and their estates and should be approved.

## NOTICE

19. Notice of this Application has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors; (iii) counsel to the Revolving Loan Lenders; and (iv) all parties that, as of the filing of this Application, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 6, 2020  
Wilmington, Delaware

EF INVESTMENT HOLDINGS, INC., on behalf of itself and Earth Fare

*/s/ Charles Goad*  
Charles Goad, Chief Restructuring Officer