## EXHIBIT B

**Goad Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF CHUCK GOAD IN SUPPORT OF THE DEBTORS'
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS
COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Chuck Goad, declare, hereby submit this declaration (this "**Declaration**") under penalty of perjury:

1. I am the Chief Restructuring Officer (the "**CRO**") of EF Investment Holdings, Inc., a Delaware corporation, and Earth Fare, Inc. ("**Earth Fare**"), a North Carolina corporation (each a "**Debtor**" and, collectively, the "**Debtors**" or the "**Company**"). I am also a Senior Managing Director of FTI Consulting, Inc. ("**FTI**"). In my capacity as CRO, I am generally familiar with the Debtors' operations, day-to-day business affairs, and books and records.

2. I submit this Declaration in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "**Application**").[2] Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

25713475.5

matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

3. The Debtors engaged Young Conaway as counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for the Chapter 11 Cases, Young Conaway has become familiar with the Debtors' businesses and affairs and many of the potential legal issues that might arise in the context of the Chapter 11 Cases. Therefore, the Debtors believe that Young Conaway is uniquely qualified to represent them in the Chapter 11 Cases. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of this nature.

4. In selecting Young Conaway, the Debtors reviewed the Firm's rates, including rates for bankruptcy services, and compared them to outside law firms that the Debtors have used in the past to determine that the rates are reasonable. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of the nature proposed herein. Young Conaway further informed the Debtors that they operate in both national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the Firm's expertise, performance, and reputation, the nature of the work involved, as well as other factors.

5. In my capacity as the CRO of Earth Fare, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. As

discussed below, I am also responsible for reviewing the invoices regularly submitted by Young Conaway, and can confirm that the rates Young Conaway charged the Debtors in the prepetition period are the same as the rates Young Conaway will charge the Debtors in the postpetition period, subject to periodic adjustment to reflect economic and other conditions.

6. The Debtors will consult with Young Conaway for purposes of approving a prospective budget and staffing plan for Young Conaway's engagement for the postpetition period prior to a hearing on the Application. The Debtors recognize that in the course of large chapter 11 cases like these, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Young Conaway. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed expectations or unanticipated developments. The Debtors further recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases. The Debtors will continue to review the invoices that Young Conaway regularly submits and, collectively with Young Conaway, periodically amend the budget and staffing plans, as these cases develop.

7. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

| | |
|---|---|
| Dated:  February 6, 2020 | By:  */s/ Charles Goad*<br>Charles Goad<br>Chief Restructuring Officer |