**EXHIBIT D**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Docket No. _____** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "**Application**")[2] of the Debtors for the entry of an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the retention and employment of Young Conaway as counsel to the Debtors in the Chapter 11 Cases, *nunc pro tunc* to the Petition Date, as more fully described in the Application; and upon consideration of the Cleary Declaration, the Goad Declaration, and the First Day Declaration; and due and proper notice of the Application having been given; and having determined that no other or further notice of the Application is required; and having determined that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code because (a) Young Conaway

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the United States Trustee for the District of Delaware or any of its employees, except as set forth in the Cleary Declaration; (b) Young Conaway is not a creditor, equity security holder, or insider of the Debtors; (c) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and it appearing that the relief requested in the Application and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ the firm of Young Conaway as their bankruptcy counsel on the terms set forth in the Application, the Cleary Declaration, and the Engagement Agreement, *nunc pro tunc* to the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in the Chapter 11 Cases.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Cleary Declaration.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

25713475.5