**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| Debtors | ) | (Jointly Administered) |

**LIMITED ADEQUATE ASSURANCE OBJECTION AND RESERVATION OF RIGHTS OF SOFIELD CHILDRENS' LIMITED PARTNERSHIP**

Sofield Childrens' Limited Partnership, a North Carolina limited partnership ("**SCLP**") and landlord from whom the Debtors lease real property, by and through undersigned counsel, filed this Limited Adequate Assurance Objection and Reservation of Rights concerning the Debtor's assumption and assignment of the lease for Store #130 in Boone, North Carolina. SCLP respectfully represents as follows:

**Factual Background**

1. The Debtor and SCLP are parties to a Lease Agreement dated March 21, 2008, as amended by the First Amendment to Lease Agreement dated October 15, 2019, and Assignment and Assumption of Lease dated November 1, 2019 (as amended, the "**Lease**"). A true and accurate copy of the Lease is attached as Exhibit 1 and is incorporated by reference.

2. The Lease governs the real property located at 178 W. King Street, Boone, North Carolina, which is owned by SCLP and leased to the Debtor for purposes of operating Earth Fare Store #130 (the "**Store**").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

3. The Store has been in operation since 1975 and has not undergone a substantial renovation during that time. Many of the fixtures and furnishings are dated and in need of replacement or renovation. SCLP acquired title to the Store in October 2019. A material part of the consideration for the acquisition was the Debtor's stated intent to renovate the Store.

4. Among other terms, the First Amendment to Lease included the following provisions:

(a) SCLP agreed to advance $1,000,000.00 to the Debtor for the purpose of completing renovations. *See* First Amendment, para. 13.

(b) The Debtor agreed to repay the advance via "Additional Annual Rent" payable in monthly installments of $7,858.80 per month beginning on May 1, 2020 and continuing through April 30, 2040. *Id*., para. 3(v).

(c) The Debtor agreed to remodel the interior and exterior of the store in a manner substantially similar to the Debtor's store location in Johnson City, Tennessee. *Id*., para. 14.

5. In accordance with the First Amendment, SCLP advanced $1,000,000.00 to the Debtor on or about November 26, 2020. The Debtor failed to complete any renovation work on the Store prior to its bankruptcy filing.

6. The Debtor included the Lease in its First Notice of Possible Assumption and Assignment and Cure Amounts With Respect to Executory Contracts and Unexpired Leases of the Debtor [D.E. 70].

7. SCLP did not file a cure cost objection and does not dispute the amount of past-due rent that must be paid as a condition of assuming the Lease. However, any party assuming the Lease must comply strictly with the Debtor's ongoing monetary and non-monetary obligations thereunder, specifically including payment of Minimum Rent, Additional Annual Rent, and completion of the renovation and upfit work described in the First Amendment.

**Bids on Lease and Store Assets**

8. SCLP is informed and believes that the Debtor received two bids for assumption of the Lease and purchase of the Debtor's assets in the Store.

9. The first qualifying bid was submitted by the Hendersonville Community Cooperative ("**HCC**"), which operates a cooperative grocery store in Hendersonville, North Carolina. SCLP understands that that HCC intends to reopen and operate the Store under the same cooperative model used in its Hendersonville location, and does not intend to undertake any significant renovations to the Store. HCC has not yet determined the name under which it would operate the store, and would require financing of approximately $850,000 to open and operate the Store, which it has not yet obtained.

10. In addition, the Debtor received a bid from DJ3 Delaware, LLC ("**DJ3**"), which intends to acquire four of the Debtor's stores as well as certain intellectual property of the Debtor, with the goal of operating under the Earth Fare name and brand. DJ3 has the backing and financial support of The Hulsing Group, which is well-known in the western North Carolina business community. Significantly, SCLP is informed and believes that DJ3 intends to undertake a substantial renovation and upfit of the Store prior to reopening, and has the required financial resources to do so. Upon information and belief, DJ3 also has an experienced leadership team to operate its four stores, including several former executives of the Debtor.

11. SCLP is informed and believes that the Debtor has selected the DJ3 bid as the highest and best bid for the Lease and Store Assets, and HCC as the backup bid.

**Limited Objection and Reservation of Rights**

12. Under 11 U.S.C. § 365(b), any party seeking assuming an executory contract must cure, or provide adequate assurance that it will promptly cure, any defaults under the contract, and provide adequate assurance of its future performance under the contract. See *In re Filene's Basement, LLC*, 2014

Bankr. LEXIS 2000 (Bankr. D. Del. Apr. 29, 2014); *Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001). It is well-established that the entire contract must be assumed, and that the assuming party must perform all of the Debtor's duties and obligations thereunder. See, eg., *Cinicola, 248 F.3d at 119-120; L.R.S.C., Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) ("Once the trustee satisfies these requirements [of section 365] it may assume the contract or lease, but it must do so in its entirety."); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (holding that an executory contract must either be assumed or rejected in its entirety and a debtor cannot chose to assume some provisions of a contract but reject others); *In re Fleming Cos.*, No. 03-10945, 2004 Bankr. LEXIS 198 at *7 (Bankr. D. Del. Feb. 27, 2004) ("A debtor's assumption . . .cannot modify an agreement's express terms. . . .")

13. SCLP does not object to the assumption and assignment of the Lease to DJ3, so long as any such assumption and assignment is contingent upon compliance with § 365(b) in all respects, including but not limited to the following:

(a) Prompt closing of the assignment/assumption transaction following Court approval, to occur no later than April 1, 2020;

(b) Payment of all rent due thereafter by DJ3, including but not limited to the Additional Annual Rent described in the First Amendment;

(c) Assurances by DJ3 that it will timely remodel the Store substantially in compliance with the Fixture Plan furnished to SCLP on March 19, 2020; and

(d) Assurances by DJ3 that it will reopen the Store and resume business operations as soon as commercially reasonable.

14. SCLP objects to any assumption and assignment of the Lease to HCC on the grounds that HCC has not provided, and cannot provide, adequate assurance of its intent and ability to perform under

the Lease. Specifically:

(a) HCC has stated that it does not plan to renovate the Store, which is required as a condition of the Lease;

(b) HCC's bid and business plan appear to be contingent upon financing that is not yet in place, which is a significant concern in the current market and lending environment. Moreover, it does not appear that such financing, even if obtained, would be sufficient to provide for a renovation of the Store;

(c) HCC lacks management experience necessary for successful operation, as it currently operates one retail location in Hendersonville, NC that is substantially smaller than the Store; and

(d) HCC's plan to operate as a start-up cooperative is less likely to succeed than DJ3's plan to operate under the Earth Fare brand, which is well-known in the community;

15. SCLP reserves its right to raise additional objections if a third party is selected as the winning bidder at any auction concerning the Lease and the Store.

16. SCLP further reserves its right to raise additional objections and arguments at any hearing on this matter.

SCLP therefore respectfully requests that this Court:

1. Condition any assignment and assumption of the Lease by DJ3 upon strict compliance with applicable law, including but not limited to § 365(b);
2. Deny any purported assignment and assumption of the Lease to any other party; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of March, 2020.

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/Michael Busenkell*
Michael Busenkell, Esq. (DE 3933)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com

-and-

POYNER SPRUILL LLP

Matthew P. Weiner, Esq.
N.C. Bar No. 37128
301 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 783-2954
Facsimile: (919) 783-1075
mweiner@poynerspruill.com

*Counsel for Sofield Childrens' Limited Partnership*