**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Ref. Docket Nos. 33, 58, 62, 70, 122, 129, 197, 260, 262, 269** |

**CERTIFICATION OF COUNSEL REGARDING**
**ORDER (A) APPROVING THE LEASE TERMINATION AND RELEASE**
**AGREEMENT RELATED TO PREMISES LOCATED IN**
**ROCK HILL, SOUTH CAROLINA**

In accordance with that certain order dated February 14, 2020 [Docket No. 122]

(the "**Bidding Procedures/De Minimis Asset Sale Order**"),[2] on March 24, 2020, the Court held

a hearing (the "**Hearing**") to consider approval of the Debtors' proposed sale and assignment of

certain Assets.  As of the time of the Hearing, the Debtors had received no offers to acquire the

lease for the premises located in Rock Hill, South Carolina (the "**Rock Hill Lease**") or the

Debtors' personal property located in the premises covered by the Rock Hill Lease (the "S**ubject**

**Assets**").

Following the Hearing, the Debtors were contacted by the landlord under the

Rock Hill Lease (the "**Rock Hill Landlord**") to negotiate a proposed Lease Termination

Agreement.  The undersigned circulated the proposed Lease Termination Agreement to counsel

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084).  The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bidding Procedures/De Minimis Asset Order.

to both the Debtors' prepetition lenders and the official committee of unsecured creditors. Both

parties have consented to the Debtors' entry into the Lease Termination Agreement.

       Attached hereto as Exhibit 1 is a proposed form of order (the "**Order**") approving

the Debtors' entry into that certain Lease Termination and Release Agreement with the Rock Hill

Landlord.

       WHEREFORE, the Debtors respectfully request that the Court enter the Order

without further notice or hearing at the Court's earliest convenience.

Dated: March 26, 2020          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                           */s/ Sean T. Greecher*
                           Pauline K. Morgan (No. 3650)
                           M. Blake Cleary (No. 3614)
                           Sean T. Greecher (No. 4484)
                           Ian J. Bambrick (No. 5455)
                           Rodney Square
                           1000 North King Street
                           Wilmington, Delaware 19801
                           Telephone: (302) 571-6600
                           Facsimile: (302) 571-1253
                           EF@ycst.com

                           *Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 1**

**Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,1 | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket Ref. Nos. 33, 58, 62, 70, and ___** |
| | ) | |

### ORDER (A) APPROVING THE LEASE TERMINATION AND RELEASE AGREEMENT RELATED TO PREMISES LOCATED AT THE COMMONS AT WINTHROP, ROCK HILL, SOUTH CAROLINA

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for an order, under sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rules 2002-1 and 6004 1, (a) authorizing and approving, among other things, the sale (the "**Sale**") of the Assets in question (the "**Subject Assets**"), free and clear of all Encumbrances; the Court having conducted a hearing on the Motion on March 24, 2020 (the "**Sale Hearing**") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; the Debtors having identified no bid for the Subject Assets as of the Sale Hearing; subsequent to the hearing, the Debtors having entered into that certain Lease Termination and Release Agreement with Wood Rock Hill Center, LLC (the "**Buyer**"), dated March 25, 2020, a copy of which is attached hereto as EXHIBIT A (the "**Agreement**"); the Court having reviewed this Order and the Certification of Counsel filed in connection therewith; the Debtors' prepetition lenders and the Official Committee of Unsecured Creditors having consented to the relief requested herein; jurisdiction

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

existing for the Court to consider the Motion and the relief requested thereby in relation to the Sale; and after due deliberation on the foregoing and upon the arguments and statements in support of the relief requested herein, it appears that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, that the legal and factual bases set forth in the Certification of Counsel establish just cause for the relief granted herein, and that good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Sale is approved; and it is further

ORDERED, that pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into the Agreement and abandon the Subject Assets to the Purchaser; and it is further

ORDERED, that, the Sale shall be free and clear of all liens, with such liens attaching to the Sale proceeds with the same validity, extent and priority as had attached to the Subject Assets immediately prior to such Sale; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

ORDERED, that this Court will retain jurisdiction regarding the interpretation and implementation of this Order, and all other matters related to this Order.

EXHIBIT A

AGREEMENT

## LEASE TERMINATION AND RELEASE AGREEMENT

THIS LEASE TERMINATION AND RELEASE AGREEMENT (this "Agreement") is made as of this 25th day of March, 2020, by and among Earth Fare, Inc., a Delaware corporation ("Tenant"), and Wood Rock Hill Center, LLC, a North Carolina limited liability company ("Landlord").

I.      The Lease

Tenant, a debtor in possession, and Colonial Development Company, LLC are parties to that certain lease dated as of August 28, 2017 (as subsequently amended, the "Lease") for the premises located in The Commons at Winthrop located in the City of Rock Hill, County of York, State of South Carolina, and more specifically described in the Lease (the "Premises"). A copy of the Lease is attached hereto as **Exhibit A**.

II.     Tenant's Bankruptcy Case

On February 4, 2020, Tenant filed a voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Tenant continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in Tenant's Chapter 11 case.

III.    Lease Termination

Tenant and Landlord are each desirous of terminating the Lease.

NOW, THEREFORE, THE PARTIES HERETO AGREE AS FOLLOWS:

Pursuant to the terms and for the consideration set forth in this Agreement, Tenant and Landlord hereby agree that the Lease and any and all memorandums thereof shall be, and hereby are, terminated and neither Tenant nor Landlord shall have any further rights or obligations thereunder (collectively, the "Termination").

Further, effective as of the date of the Termination, Landlord unconditionally releases (1) Tenant and Tenant's affiliates, parents, subsidiaries, members, managers, officers, directors, stockholders, employees, representative, agents, successors and assigns, of and from any and all claims, damages, obligations, liabilities, actions and causes of action, of every kind and nature whatsoever arising under or in connection with the Lease, any and all memorandums of the Lease, and the Premises and (2) each guarantor or surety under or of the Lease and each such guarantor's or surety's respective affiliates, parents, subsidiaries, members, managers, officers, directors, stockholders, employees, representative, agents, successors and assigns, of and from any and all claims, damages, obligations, liabilities, actions and causes of action, of every kind and nature whatsoever arising under or in connection with the Lease, any and all memorandums of the Lease, and the Premises.

Further, effective as of the date of the Termination, Tenant unconditionally releases



(1) Landlord and Landlord's affiliates, parents, subsidiaries, members, managers, officers, directors, stockholders, employees, representative, agents, successors and assigns, of and from any and all claims, damages, obligations, liabilities, actions and causes of action, of every kind and nature whatsoever arising under or in connection with the Lease, any and all memorandums of the Lease, and the Premises and (2) each guarantor or surety under or of the Lease and each such guarantor's or surety's respective affiliates, parents, subsidiaries, members, managers, officers, directors, stockholders, employees, representative, agents, successors and assigns, of and from any and all claims, damages, obligations, liabilities, actions and causes of action, of every kind and nature whatsoever arising under or in connection with the Lease, any and all memorandums of the Lease, and the Premises.

Further and pursuant to Landlord's request, effective as of the date of the Termination, Tenant shall abandon all remaining furniture, fixtures, equipment, inventory, and other personal property located on or about the Premises as of the date of Termination (collectively, the "Subject Assets"). Landlord acknowledges and agrees that (1) Tenant makes no covenant, representation or warranty as to Subject Assets of any kind or nature, or for any purpose, whatsoever, (2) the Subject Assets are to be transferred and conveyed to, and accepted by, Landlord in their present condition on the date of Closing, "as is" and with all known or unknown faults, and (3) Landlord hereby assumes the risk that adverse past, present or future physical characteristics and conditions may not have been revealed by any inspection or investigation of the Subject Assets.

A.    Consideration - The total consideration for the Termination is a waiver of the Tenant's rent obligations under the Lease in full (the "Termination Consideration").

B.    Closing and Effective Date of Assignment - The closing of the Termination shall take place within one (1) business day following approval by the Bankruptcy Court and the entry of the order approving the Termination on the terms and conditions set forth in this Agreement, at the offices Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 or at such other time and place as may be designated by Tenant at Tenant's sole discretion (the "Closing"). The effective date of the Termination shall be the date of the Closing.

C.    Bankruptcy Court Approval - This Agreement is contingent upon Tenant obtaining an order of the Bankruptcy Court authorizing: (1) Tenant to enter into this Agreement and (2) the Termination pursuant to this Agreement.

Tenant shall have forty-five (45) days, subject to a Bankruptcy Court ordered extension, from the date that this Agreement is fully executed to obtain an order from the Bankruptcy Court authorizing Tenant to enter into this Agreement.

Landlord may secure the Premises and Subject Assets pending Bankruptcy Court approval.

D.    Free and Clear of Liens and Encumbrances - Upon entry of an order approving the Termination pursuant to this Agreement, the Lease and Subject Assets shall be free and clear of any liens, security interests, pledges or other interests.

26196223.1                                    2



E.     Possession - Tenant agrees to provide Landlord with possession of the Premises and Subject Assets on the Closing, subject only to an extension ordered by the Bankruptcy Court.

F.     Miscellaneous

(1)     This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware and to the extent permissible and not inconsistent with the laws of the State of Delaware, under the laws of the state where the Premises is located. The parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any disputes hereunder, and they each hereby consent to such jurisdiction.

(2)     This Agreement sets forth the entire agreement and understanding of the parties with respect to the transactions contemplated hereby and supersedes any prior instruments, arrangements and understandings relating to the subject matter hereof, except the Lease and all amendments thereto.

(3)     Tenant may assign Tenant's rights and obligations hereunder to any trustee appointed by the Bankruptcy Court. Landlord may not assign Landlord's rights and obligations hereunder to any party without Tenant's consent and Bankruptcy Court approval.

(4)     This Agreement may be executed with counterpart signature pages or in more than one counterpart, all of which shall be deemed one and the same agreement, and shall become effective when one or more counterparts have been signed by each of the parties and delivered to all the parties.

(5)     Any notice, demand, request or other communication that any party hereto may be required or may desire to give hereunder ("Notice" or "Notices") shall be in writing and shall be given as follows: (a) by hand delivery; or (b) by overnight mail via Federal Express or other reputable express courier service:

If to Tenant:

       Earth Fare, Inc.
       220 Continuum Drive
       Fletcher, North Carolina 28732

With a copy to:

       Young Conaway Stargatt & Taylor, LLP
       Rodney Square
       1000 North King Street
       Wilmington, Delaware 19801
       Attn: Sean T. Greecher, Esquire

If to Landlord:

       Wood Rock Hill Center, LLC



321 Henry St.
Lexington, KY 40508
Attn: William N. Offutt V, Esquire

or at such other address or to such other addressee or to such other facsimile number as the party to be served with Notice shall have furnished in writing to the party seeking or desiring to serve Notice as a place for the service of Notice.  Notices shall be deemed to have been received (a) on the date delivered if given by hand delivery or (b) on the next business day if given by overnight mail.

*[**Remainder of Page Intentionally Left Blank**]*

26196223.1                                              4



IN WITNESS WHEREOF, this Agreement has been duly executed this **25**

day of March, 2020

TENANT:     Earth Fare, Inc., Debtor-in-Possession

By: _____
Name: _____
Title: _____

LANDLORD: Wood Rock Hill Center, LLC, a North Carolina
limited liability company

By: _____
Name: _____
Title: _____

26196223.1                              5

## Exhibit A

"Lease"