IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EARTH FARE, INC., *et al.*,[1] | ) ) | Case No. 20-10256 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) ) ) ) ) ) | **Hearing Date:** TBD **Objection Deadline:** May 18, 2020 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

Earth Fare, Inc. ("**Earth Fare**") and EF Investment Holdings, Inc. (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned chapter 11 cases, hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the period within which the Debtors may remove actions and related proceedings pursuant to 28 U.S.C. § 1452 (the "**Removal Deadline**") for a period of ninety (90) days, through and including August 3, 2020. In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

26453909.2

meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

**A.    General Background**

2. On February 4, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors have continued in the possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 11, 2020, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

4. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the *Declaration of Charles Goad in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 18] (the "**First Day Declaration**").[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**B.     The Debtors' Sale Efforts**

5.      Prior to the Petition Date, the Debtors engaged in a robust marketing process for the sale of their business as a going concern.  In parallel, the Debtors commenced various operational cost-saving initiatives to improve liquidity, including the sale of seven of their underperforming stores.  Ultimately, the Debtors were unable to generate a buyer for their business as a going concern.  Facing tightening liquidity and the maturity of their prepetition loan obligations, the Debtors filed the Chapter 11 Cases with the goal of (i) conducting store closing sales at the Debtors' retail locations (the "**Store Closing Sales**"); (ii) realizing potential value from the balance of the Debtors' assets for the benefit of their creditors; and (iii) minimizing estate obligations to the extent possible.

6.      On February 5, 2020, the Debtors filed the *Debtors' Motion for Entry of: (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) an Order (A) Authorizing the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* [Docket No. 33] (the "**Bidding Procedures/De Minimis Asset Sale Motion**").

26453909.2

7. On February 14, 2020, the Court entered an order approving the Bidding Procedures/De Minimis Asset Sale Motion [Docket No. 122] which, among things, established certain procedures to govern the sale of the Debtors' tradename and related intellectual property, non-residential real property leases, executory contracts, furniture, equipment, and other miscellaneous assets (the "**De Minimis Assets**").

8. In March and April of 2020, the Court approved the sales of certain of the De Minimis Assets (collectively, the "**Sales**") to ALDI Inc.; Winn-Dixie Stores, Inc.; Whole Foods Market Group, Inc.; and DJ3 Delaware, LLC, respectively. *See* Docket Nos. 302, 303, 304, 305 & 314. In addition, the Court approved the Debtors' entry into lease termination agreements with certain of its former landlords (the "**Lease Termination Agreements**"). *See* Docket Nos. 255, 295-300, 308, 315 & 321.

## RELIEF REQUESTED

9. The Debtors submit this Motion pursuant to Bankruptcy Rules 9006 and 9027, requesting entry of the Proposed Order extending the Removal Deadline by approximately ninety (90) days, through and including August 3, 2020,[3] without prejudice to the rights of the Debtors and their estates to seek further extensions of the time within which to remove actions and related proceedings.

## BASIS FOR RELIEF

10. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Removal Deadline shall automatically extend the current Removal Deadline without the necessity for entry of a bridge order until the Court acts on this Motion.

police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

[i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.     Further, Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

[W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988, 990 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

12. The Debtors are parties to actions currently pending in courts that are subject to removal (collectively, the "**Actions**"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove these Actions.

13. Since the commencement of the Chapter 11 Cases, the Debtors' management and professional advisors have devoted a significant amount of effort towards ensuring a smooth transition of the Debtors' operations into chapter 11 and maximizing the value of the Debtors' estates for the benefit of all stakeholders. In the approximately three months that the Chapter 11 Cases have been pending, the Debtors have, among other things: (i) completed the Store Closing Sales; (ii) obtained approval of the Sales and Lease Termination Agreements; (iii) prepared and filed their Schedules of Assets and Liabilities and Statements of Financial Affairs; (iv) responded to various creditor inquiries and demands; (v) retained professionals; (vi) worked to stabilize the Debtors' vendor base; (vii) evaluated and resolved requests for additional adequate assurance of future payment from certain utility providers; and (viii) handled the various other tasks related to the administration of the Debtors' bankruptcy estates and these Chapter 11 Cases. Finally, since its appointment, the Debtors have worked diligently to get the Committee up to speed on these Chapter 11 Cases.

14. As a result of the foregoing efforts and various others, the Debtors have not yet had an opportunity to determine conclusively which Actions, if any, they may seek to remove. The extension requested in this Motion will provide the Debtors with additional time to make fully informed decisions concerning the removal of the Actions and will ensure that the Debtors' rights under 28 U.S.C. § 1452 are preserved and may be exercised in an appropriate manner.

15. Further, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' request for an extension. If the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452.

16. Accordingly, the Debtors submit that cause exists to extend the Removal Deadline as requested in this Motion.

## NOTICE

17. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Debtors' prepetition lenders; (iv) all known parties to the Actions and their counsel, if known; and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 at the time of service. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of this page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 4, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Shane M. Reil*<br>Pauline K. Morgan (No. 3650)<br>M. Blake Cleary (No. 3614)<br>Sean T. Greecher (No. 4484)<br>Shane M. Reil (No. 6195)<br>Allison S. Mielke (No. 5934)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>EF@ycst.com<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |