UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: EARTH FARE, INC. *et al*.,           Case No.: 20-10256-KBO
                                                        Chapter 11

         Debtors                               (Jointly Administered)
_____/

**RESPONSE OF ALACHUA COUNTY TAX COLLECTOR TO DEBTORS'
FOURTH (4TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTIONS 502 AND 503 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1 (DOC. NO. 538)**

Alachua County Tax Collector (the "Tax Collector" or "Respondent"), by and through its undersigned attorney, responds to the Debtors' Fourth (4th) Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (Doc. No. 538) (the "Objection to Claim") which objects to claim no. 10548 filed by the Tax Collector and moves this Court to enter an order denying the Debtors' Objection. The proposed form of order is attached hereto as "Exhibit 1." In support of its response, the Tax Collector would respectfully show as follows:

**Procedural History of Debtors' Objection to Claim**

1. These are Chapter 11 bankruptcy cases, with orders for relief having been entered on February 4, 2020. The Debtors continue to operate their affairs as debtors in possession.

2. Respondent's claim no. 10548 was filed on September 24, 2020 as a secured claim in the amount of $58,543.99[1]. This claim amended a prior claim filed by Respondent, claim no. 411. The Debtors objected to claim no. 411 in their Third (3rd)

---

[1] A copy of Respondent's Claim no. 10548 is attached hereto as "Exhibit 2."

Omnibus (Non-Substantive) Objection to Claims Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (Doc. No. 537) on the grounds that claim no. 411 was amended by claim no. 10548. Respondent agrees that claim no. 10548 (the "Amended Claim") supersedes and amends claim no. 411.

3. On December 18, 2020 the Debtors filed a Fourth (4th) Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (Doc. No. 538). The basis for the Debtors' Objection is that the claim is not secured and should be reclassified as an unsecured priority claim.

4. The Debtors' argument that the Amended Claim should be reclassified as a priority claim is that the:

> Proof of Claim asserts a secured claim on account of an alleged first priority lien on certain *real property* for taxes owed to the claimant. Even if such lien is valid, such lien is not on estate property, as the Debtors did not own, and do not own, the real property. Rather, the Debtors occupied the premises pursuant to a non-residential real property lease with a third party. In addition, since the claim is for ad valorem taxes, the claim, if valid, is not secured but is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code. (*Emphasis added*) (*See* Schedule 1 of Debtors' Objection)

5. Respondent's Amended Claim is for ad valorem tax on tangible personal property, and not, as the Debtors state, for tax on real property. The status of the Amended Claim as secured is determined by Florida law.

**Applicable Florida Statutes**

6. Fla. Stat. §197.122(1)[2] provides that:

> (1) All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against

---

[2] Copies of referenced Florida Statutes are attached as "Exhibit 2."

2

which the taxes have been assessed and shall continue in full force *from January 1 of the year the taxes were levied* until discharged by payment or until barred under chapter 95. (*Emphasis added*)

7. The lien created by Fla. Stat. §197.122(1) is due and payable on April 1 following the year in which the taxes were assessed.  Pursuant to Fla. Stat. §197.333, the 2019 tangible personal property taxes ("TPPT") were due by November 30, 2019 and became delinquent on April 1, 2020.  Pursuant to Fla. Stat. §197.333, all taxes become delinquent on April 1 following the year in which they were assessed.  As the 2019 TPPT were not timely paid, these taxes have been accruing interest at a rate of one and one-half percent (1.5%) per month since April 1, 2020.

8. Due to accruing interest, the claim owed on the 2019 TPPT has increased to $43,373.30 through January 31, 2021 and continues to increase at the rate of $481.81 per month.

9.  The 2020 TPPT will not become delinquent until April 1, 2021.  Fla. Stat. §197.162 provides for a discount on taxes paid prior to April 1.  The discount is 4% if paid in November and declines by 1% per month until March, when there is no discount.  The amount owed for the 2020 TPPT is $25,895.08 through January 31, 2021 which includes a 2% discount.  The total owed for both years is currently $69,268.38 if paid by January 31, 2021.  As with any oversecured claim, interest continues to accrue on the Amended Claim until the claim is either paid in full or the value of the collateral equals the claim amount.  11 U.S.C. §506(b).

**The Collateral for Respondent's Secured Amended Claim**

10.  As stated in their Objection, on the date of the filing of the Debtors' petitions, the Debtors were a party to a non-residential real property lease with Gator Argate

Gainesville, LLC. The tangible personal property which was the basis for the taxes owed to Respondent was all owned by the Debtors and was located at the leased premises in Gainesville, Alachua County, Florida. On the date of the filing of the petitions, Respondent held a secured claim, with statutory priority over any other creditor, on this tangible personal property. Fla. Stat. §197.122(1).

11. On February 4, 2020 (Doc. No. 4), the Debtors filed their Motion to Approve Use of Cash Collateral (the "Cash Collateral Motion), which was granted on an interim basis by order of this Court dated February 6, 2020 (Doc. No. 60) (the "Interim Cash Collateral Order") and on a final basis on March 4, 2020 (Doc. No. 240) (the "Final Cash Collateral Order").

12. As reflected in the applicable Affidavit/Declaration of Service (Doc. No. 96), the Cash Collateral Motion and Interim Cash Collateral Order were not served on the Tax Collector.

13. The Final Cash Collateral Order provides that the Debtors' prepetition lenders, as adequate protection for any diminution in value of collateral, shall have first priority replacement liens on each Debtors' presently owned or later acquired property and assets, but such replacement liens shall be junior and subordinate to "…(C) any legal, valid, binding, enforceable, perfected, and non-avoidable liens in existence on or as of the petition date…" (*See* Final Cash Collateral Order, ¶5(a)).

14. On February 5, 2020 (Doc. No. 33) Debtors filed their Motion for Entry of (I) An Order (A) Approving De Minimis Asset Sale Procedures, (B) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements

with Stalking Horse Bidders, and (D) Scheduling a Hearing on the Approval of the Sale of Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Expired Leases, and (II) An Order (A) Authorizing the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waving Stay Provisions Pursuant to Bankruptcy Rule 6004(h) and 6006(d) (the "Remaining Property Sale Motion").

15. The Remaining Property Sale Motion provides for eight (8) day's notice of sale for any asset sale less than $100,000.00, with notice to be given to counsel for the unsecured creditors committee, counsel for Debtors, counsel for pre-petition lenders, any known affected creditor asserting a lien on the assets proposed to be sold, any counter-party to a target contract, and parties known to have an interest in the applicable asset.

16. On February 14, 2020 (Doc. No. 122), the Court entered its Order on the Remaining Property Sale Motion. That Order provides that all sales held pursuant to Debtors' Remaining Property Sale Motion shall be free and clear of all liens, *with such liens attaching to proceeds with the same validity, extent, and priority as existed against the subject assets immediately prior to such sale or transfer*. (*Emphasis added*).

17. Paragraph 26 of the Order granting the Remaining Property Sale Motion required the Debtors to serve any Sale Notice on various parties, including "(8) all taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service." As reflected by the applicable Affidavit of Service (Doc. No. 336), the Order granting the Remaining Property Sale Motion was not served on the Tax Collector.

18. On March 9, 2020, the Debtors entered into a Lease Termination and Release Agreement Related to Premises located at University Towne Center, Gainesville, Florida (the "Lease Termination Agreement"). The Agreement provided, among other things, that the Debtors would sell all of its tangible personal property located at the leased premises to the landlord, Gator Argate, LLC, for the sum of $75,000.00.

19. On March 24, 2020, the Court entered an Order (A) Approving the Lease Termination and Release Agreement Related to Premises located at University Towne Center, Gainesville, Florida (Doc. No. 296) ("Order Approving Lease Termination").The Lease Termination Agreement is attached as "Exhibit A" to the Order Approving Lease Termination. The tangible personal property sold pursuant to the Order Approving Lease Termination was subject to the statutory tax lien held by Respondent for TPPT owed for 2019 and 2020.

20. The Order Approving Lease Termination provided at page 3 that "the Proposed Sale shall be free and clear of all liens, claims and encumbrances, *with such liens, claims and encumbrances attaching to the Proposed Sale proceeds with the same validity, extent and priority as had attached to the subject Assets immediately prior to such Proposed Sale*." (*Emphasis added*)

21. The Affidavit of Service of the Order Approving Lease Termination (Doc. No. 355) shows in Exhibit D that the Order Approving Lease Termination was not served on the Tax Collector. Only the landlord's attorneys were served.

22. Based on the provision in the Order Approving Lease Termination that any liens which attached to the Assets would attach to the Proposed Sale proceeds,

6

Respondent's Amended Claim is secured by a first priority lien on the sale proceeds resulting from the Lease Termination Agreement.

## RELIEF REQUESTED

23. Respondent moves this Court to enter an order denying the Debtors' Objection to its Amended Claim no. 10548; confirming that Respondent's Amended Claim is in the amount of **$69,268.38** as of January 31, 2021; confirming that interest continues to accrue on the Amended Claim until the Amended Claim is either paid in full, or the amount equals $75,000.00; and for such other and further relief as this Court deems just and proper.

        RUFF & COHEN, P. A.
        4010 Newberry Road, Suite G
        Gainesville, FL 32607
        Telephone: (352) 376-3601
        Facsimile: (352) 378-1261
        Attorneys for governmental entity
        Alachua County Tax Collector

By: /s/Lisa C. Cohen
      Lisa C. Cohen
      FL Bar #558291
      lcohen@ruffcohen.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2021 I have served by electronic mail via CM/ECF a true and correct copy of the foregoing Response, including all exhibits, to all parties and counsel of record who have appeared by CM/ECF.

/s/ Lisa C. Cohen
Lisa C. Cohen