**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EARTH FARE, INC., *et al.*,[1] | ) Case No. 20-10256 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 538 & 543** |

**CERTIFICATION OF COUNSEL REGARDING DEBTORS'**
**FOURTH (4TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**
**PURSUANT TO SECTIONS 502 AND 503 OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

The undersigned counsel for Earth Fare, Inc. ("**Earth Fare**") and EF Investment Holdings, Inc. (collectively, the "**Debtors**") hereby certifies as follows:

1.      On December 18, 2020, the Debtors filed the *Debtors' Fourth (4th) Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* [Docket No. 538] (the "**Claims Objection**").[2] Responses to the Claims Objection were to be filed on or before 4:00 p.m. (ET) on January 4, 2021 (the "**Response Deadline**").

2.      Prior to the Response Deadline, the Debtors received the following responses (collectively, the "**Responses**"): (i) the Alachua County Tax Collector ("**ACTC**") filed a response [Docket No. 543] to the Claims Objection as it pertains to Disputed Claim number 10548; (ii) the Debtors received an informal response to the Claims Objection from ARAMARK Uniform & Career Apparel LLC ("**ARAMARK**") as it pertains to Disputed Claim number 10364; and (iii) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084).  The mailing address for each of the Debtors is P.O. Box 1389, Fletcher, North Carolina 28732.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Claims Objection.

Debtors received an informal response to the Claims Objection from Hamilton TC, LLC ("**Hamilton**" and, collectively with ACTC and ARAMARK, the "**Respondents**") as it pertains to Disputed Claim number 10102. The Debtors have received no other answer, objection, or responsive pleading to the Claims Objection.

3.     The Debtors are working with ACTC to address the issues raised in its Response, and have agreed to adjourn the matter to the hearing scheduled for February 18, 2021 at 11:00 a.m. (ET).

4.     The Debtors worked with ARAMARK to address the issues raised in its Response and, as a result, ARAMARK's Response has been consensually resolved and ARAMARK has no objection to the Court granting the relief requested in the Claims Objection.

5.     Likewise, the Debtors have worked with Hamilton to address the issues raised in its Response and have agreed to revise Schedule 2 to the proposed order attached to the Claims Objection (the "**Proposed Order**") as it pertains to Hamilton's Disputed Claim number 10102, such that Hamilton's Remaining Claim shall include an administrative portion in the amount of $5,192.26.

6.     Accordingly, and so as not to delay the Court's consideration of the Claims Objection for the Disputed Claims that are not the subject of a Response, attached hereto as Exhibit A is a revised version of the Proposed Order (the "**Revised Proposed Order**") that has been modified to remove ACTC's Disputed Claim and to revise Schedule 2 as it pertains to Hamilton's Disputed Claim. For the convenience of the Court, a blackline reflecting the change to Hamilton's Disputed Claim is attached hereto as Exhibit B.

7.     The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Claims Objection, and that entry of the order is in the best interest

of the Debtors, their estates and creditors.   To the extent applicable, the Respondents have consented to entry of the Revised Proposed Order.

8.      Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order attached hereto as <u>Exhibit A</u> at its earliest convenience.

Dated: January 15, 2021
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean T. Greecher (No. 4484)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
EF@ycst.com

*Counsel to the Debtors*
*and Debtors-in-Possession*

**EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 538 & ____** |

**ORDER SUSTAINING DEBTORS' FOURTH (4TH) OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502 AND 503 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' Fourth (4th) Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "**Objection**"),[2] the *Certification of Counsel Regarding Debtors' Fourth (4th) Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1*, and the Harvey Declaration; and having determined that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and having determined that venue of these chapter 11 cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084).  The mailing address for each of the Debtors is P.O. Box 1389, Fletcher, North Carolina 28732.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Objection is SUSTAINED, as set forth herein.

2.       Subject to further objection by the Debtors and their estates, the Reclassified Claims identified on Schedule 1 to this Order are hereby reclassified, as indicated in the column titled "Modified Claim Class" on Schedule 1 to this Order.

3.       The Modified Amount Claims identified on Schedule 2 to this Order are hereby modified to the dollar values indicated in the column titled "Modified Claim Amount" on Schedule 2 to this Order.

4.       The Duplicate Employee Claims identified on Schedule 3 to this Order are hereby disallowed and expunged in their entirety.

5.       Subject to further objection by the Debtors and their estates, the Reclassified Employee Claims identified on Schedule 4 to this Order are hereby reclassified as indicated in the column titled "Modified Claim Class" on Schedule 4 to this Order.

6.       The Modified Amount, Reclassified Employee Claims identified on Schedule 5 to this Order are hereby reclassified and modified as indicated in the columns titled "Modified Claim Class" and "Modified Claim Amount" on Schedule 5 to this Order.

7.       The No Liability Claims identified on Schedule 6 to this Order are hereby disallowed and expunged in their entirety.

8.       The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal

27592950.1

by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

9.      Any and all rights of the Debtors and their estates to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Disputed Claims, shall be reserved.  Any and all rights, claims and defenses of the Debtors and their estates with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Claims.

10.     This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

27592950.1

## SCHEDULE 1

**Reclassified Claims**

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 1 - Reclassified Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | American Express Travel Related | 20052 | 8/18/2020 | Administrative | $179.62 | Administrative | $0.00 | Proof of Claim asserts an administrative expense claim for an allegedly unpaid credit card bill. However, the Debtors have reviewed the claim and compared it against their books and records, and determined that the amount, if valid, does not qualify as an administrative expense, since the bill is for prepetition charges. Accordingly, the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | Secured | $0.00 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $179.62 | |
| | | | | **Subtotal** | $179.62 | **Subtotal** | $179.62 | |
| 2 | Aramark Uniform & Career Apparel LLC | 10364 | 8/18/2020 | Administrative | $68,794.02 | Administrative | $0.00 | Proof of Claim asserts an administrative expense claim pursuant to section 507(a)(2) of the Bankruptcy Code for goods and services provided to the Debtors. However, the Debtors have reviewed the claim and compared it against their books and records, and believe that the claimant neither provided any goods or services after the Petition Date nor was requested to provide any goods or services after the Petition Date. In addition, the contract providing the basis for the claim was rejected effective as of February 28, 2020 [Docket No. 267]. The Debtors believe that if the claimant is owed any amounts, such amounts are for goods or services provided prior to the Petition Date. Accordingly, the administrative expense portion of the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | Secured | $0.00 | Secured | $0.00 | |
| | | | | Unsecured | $493,718.10 | Unsecured | $562,512.12 | |
| | | | | **Subtotal** | $562,512.12 | **Subtotal** | $562,512.12 | |
| 3 | City of Cococa | 10271 | 8/11/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of an alleged lien on certain real property for allegedly unpaid prepetition utilities. Even if such lien is valid, such lien is not on estate property, as the Debtors did not own, and do not own, the real property. Rather, the Debtors occupied the premises pursuant to a non-residential real property lease with a third party. |
| | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | Secured | $770.29 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $770.29 | |
| | | | | **Subtotal** | $770.29 | **Subtotal** | $770.29 | |
| 4 | City of Portage | 13 | 2/18/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim for personal property taxes on account of an alleged lien on certain real property for taxes owed to the claimant. Even if such lien is valid, such lien is not on estate property, as the Debtors did not own, and do not own, the real property. Rather, the Debtors occupied the premises pursuant to a non-residential real property lease with a third party. In addition, since the claim is for personal property taxes, the claim is not secured but is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code. |
| | | | | Priority | $0.00 | Priority | $3,187.00 | |
| | | | | Secured | $3,187.00 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | |
| | | | | **Subtotal** | $3,187.00 | **Subtotal** | $3,187.00 | |
| 5 | City of Portage | 11 | 2/18/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a priority claim for false alarm charges; however, false alarm charges are not a tax or customs duty, or a penalty related thereto, that are entitled to priority under section 507(a)(8) of the Bankruptcy Code. Accordingly, the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | Secured | $400.00 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $400.00 | |
| | | | | **Subtotal** | $400.00 | **Subtotal** | $400.00 | |
| 6 | Commercial Refrigeration Systems, Inc. | 10101 | 4/24/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a $3,017.50 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for the claimant's labor costs associated with goods sold to the Debtors. However, if valid, such amount is not entitled to priority under section 507(a)(4) of the Bankruptcy Code, as the labor costs were not incurred by employees of the Debtors. Accordingly, the priority portion of the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $3,017.50 | Priority | $0.00 | |
| | | | | Secured | $0.00 | Secured | $0.00 | |
| | | | | Unsecured | $4,060.15 | Unsecured | $7,077.65 | |
| | | | | **Subtotal** | $7,077.65 | **Subtotal** | $7,077.65 | |
| 7 | Excell Refrigeration of SC, Inc. | 10224 | 8/7/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a priority claim pursuant to section 507(a) of the Bankruptcy Code for prepetition goods and services provided to the Debtors; however, the applicable subsection of section 507(a) was not specified. In addition, the claim is for goods sold and services rendered which are not entitled to priority under any subsection of section 507(a) or section 503(b)(9) of the Bankruptcy Code, as the goods were received more than 20 days prior to the Petition Date. Accordingly, the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $45,156.71 | Priority | $0.00 | |
| | | | | Secured | $0.00 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $45,156.71 | |
| | | | | **Subtotal** | $45,156.71 | **Subtotal** | $45,156.71 | |

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 1 - Reclassified Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 8 | Forsyth Owner 3 LP | 10177 | 8/5/2020 | Administrative | $12,714.60 | Administrative | $0.00 | Proof of Claim asserts a $12,714.60 administrative expense claim for expenses incurred in replacing |
| | | | | Priority | $0.00 | Priority | $0.00 | certain HVAC controls and removing the Debtors' signage on one of its stores.  However, the |
| | | | | Secured | $0.00 | Secured | $0.00 | Debtors have reviewed the claim and compared it against their books and records, and determined |
| | | | | Unsecured | $512,545.74 | Unsecured | $525,260.34 | that the HVAC control replacement occurred after the applicable lease was rejected, and that |
| | | | | | | | | neither the HVAC control replacement nor the signage removal was necessary to preserve the estate |
| | | | | Subtotal | $525,260.34 | Subtotal | $525,260.34 | or provided any benefit to the estate.  Accordingly, the administrative expense portion of the claim |
| | | | | | | | | must be reclassified to a general unsecured claim. |
| 9 | Georgia Air Solutions LLC | 28 | 2/27/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of what appears to be an alleged mechanic's lien |
| | | | | Priority | $0.00 | Priority | $0.00 | (or the like) on certain real property for prepetition services provided to the Debtors; however, the |
| | | | | Secured | $151,738.58 | Secured | $0.00 | claim does not assert a legal basis for establishing a lien on such services.  Even if such lien is valid, |
| | | | | Unsecured | $13,160.12 | Unsecured | $164,898.70 | such lien is not on estate property, as the Debtors did not own, and do not own, the real property. |
| | | | | | | | | Rather, the Debtors occupied the premises pursuant to a non-residential real property lease with a |
| | | | | Subtotal | $164,898.70 | Subtotal | $164,898.70 | third party.  Accordingly, the claim must be reclassified to a general unsecured claim. |
| 10 | Hamilton County Trustee | 10286 | 8/12/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of an alleged lien on certain real property for |
| | | | | Priority | $0.00 | Priority | $360.04 | taxes owed to the claimant.  Even if such lien is valid, such lien is not on estate property, as the |
| | | | | Secured | $360.04 | Secured | $0.00 | Debtors did not own, and do not own, the real property.  Rather, the Debtors occupied the premises |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | pursuant to a non-residential real property lease with a third party.  In addition, since the claim is |
| | | | | | | | | for real property taxes and interest thereon, the claim, if valid, is not secured but is entitled to |
| | | | | Subtotal | $360.04 | Subtotal | $360.04 | priority pursuant to section 507(a)(8) of the Bankruptcy Code. |
| 11 | Hamilton County Trustee | 10288 | 8/12/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of an alleged lien on certain real property for |
| | | | | Priority | $0.00 | Priority | $1,133.62 | taxes owed to the claimant.  Even if such lien is valid, such lien is not on estate property, as the |
| | | | | Secured | $1,133.62 | Secured | $0.00 | Debtors did not own, and do not own, the real property.  Rather, the Debtors occupied the premises |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | pursuant to a non-residential real property lease with a third party.  In addition, since the claim is |
| | | | | | | | | for real property taxes and interest thereon, the claim, if valid, is not secured but is entitled to |
| | | | | Subtotal | $1,133.62 | Subtotal | $1,133.62 | priority pursuant to section 507(a)(8) of the Bankruptcy Code. |
| 12 | Hamilton County Trustee | 10289 | 8/12/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of an alleged lien on certain real property for |
| | | | | Priority | $0.00 | Priority | $677.94 | taxes owed to the claimant.  Even if such lien is valid, such lien is not on estate property, as the |
| | | | | Secured | $677.94 | Secured | $0.00 | Debtors did not own, and do not own, the real property.  Rather, the Debtors occupied the premises |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | pursuant to a non-residential real property lease with a third party.  In addition, since the claim is |
| | | | | | | | | for real property taxes and interest thereon, the claim, if valid, is not secured but is entitled to |
| | | | | Subtotal | $677.94 | Subtotal | $677.94 | priority pursuant to section 507(a)(8) of the Bankruptcy Code. |
| 13 | Melatta Inc | 233 | 8/13/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for |
| | | | | Priority | $279.76 | Priority | $0.00 | goods sold to the Debtors.  However, if valid, the claim is not entitled to priority under section |
| | | | | Secured | $0.00 | Secured | $0.00 | 507(a)(4), as it is for goods sold rather than wages, salaries, or commissions.  In addition, the claim is |
| | | | | Unsecured | $0.00 | Unsecured | $279.76 | not entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code, as it |
| | | | | | | | | is for goods sold to and received by the Debtors more than 20 days prior to the Petition Date. |
| | | | | Subtotal | $279.76 | Subtotal | $279.76 | Accordingly, the claim must be reclassified to a general unsecured claim. |
| 14 | Roanoke Gas Company | 157 | 8/10/2020 | Administrative | $0.00 | Administrative | $0.00 | Proof of Claim asserts a secured claim on account of unpaid prepetition utilities; however, the claim |
| | | | | Priority | $0.00 | Priority | $0.00 | does not assert a legal basis for such secured status.  To the extent the claimant is asserting a lien on |
| | | | | Secured | $1,632.14 | Secured | $0.00 | the real property were the services were delivered, such lien is invalid, as the Debtors did not own, |
| | | | | Unsecured | $0.00 | Unsecured | $1,632.14 | and do not own, the real property.  Rather, the Debtors occupied the premises pursuant to a non- |
| | | | | | | | | residential real property lease with a third party.  Accordingly, the claim must be reclassified to a |
| | | | | Subtotal | $1,632.14 | Subtotal | $1,632.14 | general unsecured claim. |

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 1 - Reclassified Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 15 | Thomas Awning Company Inc. | 20017 | 8/7/2020 | Administrative | $15,665.00 | Administrative | $0.00 | Proof of Claim asserts an administrative expense claim pursuant to section 503 of the Bankruptcy Code for services performed for the Debtors.  However, the Debtors have reviewed the claim and compared it against their books and records, and determined that, though the applicable invoices are dated after the Petition Date, the services were performed before the Petition Date. Accordingly, the claim must be reclassified to a general unsecured claim. |
| | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | Secured | $0.00 | Secured | $0.00 | |
| | | | | Unsecured | $0.00 | Unsecured | $15,665.00 | |
| | | | | Subtotal | $15,665.00 | Subtotal | $15,665.00 | |

## **SCHEDULE 2**

**Modified Amount Claims**

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 2 - Modified Amount Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | Hamilton TC LLC | 10102 | 4/29/2020 | Administrative | $35,256.69 | Administrative | $5,192.26 | Proof of Claim asserts a $35,256.69 administrative expense claim for allegedly unpaid |
| | | | | Priority | $0.00 | Priority | $0.00 | stubrent. However, the Debtors have reviewed the claim and compared it against their |
| | | | | Secured | $0.00 | Secured | $0.00 | books and records, and determined that the stubrent was paid with two checks that cleared |
| | | | | Unsecured | $582,113.72 | Unsecured | $582,113.72 | on March 10, 2020 and April 7, 2020, and that the only remaining stubrent owed is in the |
| | | | | Subtotal | $617,370.41 | Subtotal | $587,305.98 | amount of $5,192.26. |
| 2 | USRP 1 LLC | 10490 | 8/24/2020 | Administrative | $189,818.31 | Administrative | $0.00 | Proof of Claim asserts a $189,818.31 administrative expense claim for allegedly unpaid |
| | | | | Priority | $0.00 | Priority | $0.00 | stubrent. However, the Debtors have reviewed their books and records and determined |
| | | | | Secured | $0.00 | Secured | $0.00 | that the stubrent was paid for February and March. In addition, the lease for the property |
| | | | | Unsecured | $1,818,689.43 | Unsecured | $1,818,689.43 | in question was rejected effective as of March 31, 2020, [Docket No. 349]. Accordingly, the |
| | | | | Subtotal | $2,008,507.74 | Subtotal | $1,818,689.43 | charges for April 2020 through June 2020 are invalid. |

## SCHEDULE 3

**Duplicate Employee Claims**

27592950.1

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 3 - Duplicate Employee Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIM TO BE DISALLOWED** | | | | | **REMAINING CLAIM**[1] | | | | |
| | CLAIMANT NAME | DATE FILED | CLAIM NO. | CLAIM CLASS | CLAIM AMOUNT | REASON FOR DISALLOWANCE | CLAIMANT NAME | DATE FILED | CLAIM NO. | CLAIM CLASS | CLAIM AMOUNT |
| 1 | Deroche, Kara J | 8/22/2020 | 20073 | Admin | $1,598.80 | Claim No. 20073 is a duplicate of Claim No. 10436. | Deroche, Kara J | 8/22/2020 | 10436 | Priority | $1,598.80 |
| 2 | Fiorita, Anthony Michael | 8/5/2020 | 20010 | Admin | $591.60 | Claim No. 20010 is a duplicate of Claim No. 158. | Fiorita, Anthony M | 8/10/2020 | 158 | Priority | $591.60 |
| 3 | Flores, Zenaida, M | 11/20/2020 | 50041 | Admin | $316.48 | Claim No. 50041 is a duplicate of Claim No. 452. | Flores, Zenaida, M | 11/20/2020 | 452 | Unsecured | $316.48 |
| 4 | Han, Jessica | 8/24/2020 | 20098 | Admin | Undetermined | Claim No. 20098 is a duplicate of Claim No. 10487. | Han, Jessica | 8/24/2020 | 10487 | Priority | Undetermined |
| 5 | Honablew, Romel Loretta | 8/17/2020 | 20047 | Admin | $937.61 | Claim No. 20047 is a duplicate of Claim No. 10349. | Honablew, Romel L | 8/17/2020 | 10349 | Unsecured | $937.61 |
| 6 | Lowe, Terry M | 8/18/2020 | 50018 | Admin | $1,181.62 | Claim No. 50018 is a duplicate of Claim No. 312. | Lowe, Terry | 8/18/2020 | 312 | Priority | $1,181.62 |
| 7 | Moody, Christopher | 8/7/2020 | 20018 | Admin | $798.45 | Claim No. 20018 is a duplicate of Claim No. 10223. | Moody, Christopher T | 8/7/2020 | 10223 | Priority | $798.45 |
| 8 | Toomer, Kimberly | 8/24/2020 | 20091 | Admin | Undetermined | Claim No. 20091 is a duplicate of Claim No. 10470. | Toomer, Kimberly D | 8/24/2020 | 10470 | Unsecured | Undetermined |
| 9 | Warner, Sean G | 8/24/2020 | 50032 | Admin | $861.79 | Claim No. 50032 is a duplicate of Claim No. 396. | Warner, Sean G | 8/24/2020 | 396 | Admin Priority | $861.79 $861.79 |

## SCHEDULE 4

**Reclassified Employee Claims**

Earth Fare, Inc., et al., Case No. 20-10256

FOURTH OMNIBUS: SCHEDULE 4 - Reclassified Employee Claims

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | Blakley, Marshall | 20111 | 08/24/2020 | Administrative Priority | $945.00 $0.00 | Administrative Priority | $0.00 $945.00 | Proof of Claim asserts a $945.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $945.00 | Subtotal | $945.00 | |
| 2 | Boco, Elizalde | 20068 | 08/21/2020 | Administrative Priority | $422.76 $0.00 | Administrative Priority | $0.00 $422.76 | Proof of Claim asserts a $422.76 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $422.76 | Subtotal | $422.76 | |
| 3 | Brogdon, Michael Todd | 20055 | 08/19/2020 | Administrative Priority | $3,253.82 $0.00 | Administrative Priority | $0.00 $3,253.82 | Proof of Claim asserts a $3,253.82 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $3,253.82 | Subtotal | $3,253.82 | |
| 4 | Calabrese, Andrea | 20112 | 08/24/2020 | Administrative Priority | $80.92 $0.00 | Administrative Priority | $0.00 $80.92 | Proof of Claim asserts a $80.92 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $80.92 | Subtotal | $80.92 | |
| 5 | Carter, Henry | 254 | 08/14/2020 | Secured Priority | $187.46 $0.00 | Secured Priority | $0.00 $187.46 | Proof of Claim asserts a $187.46 secured claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $187.46 | Subtotal | $187.46 | |
| 6 | Concepcion, Belkis Maria Morel | 20038 | 08/15/2020 | Administrative Priority | $139.05 $0.00 | Administrative Priority | $0.00 $139.05 | Proof of Claim asserts a $139.05 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $139.05 | Subtotal | $139.05 | |
| 7 | Darnell, Susan S | 20088 | 08/23/2020 | Administrative Priority | $419.04 $0.00 | Administrative Priority | $0.00 $419.04 | Proof of Claim asserts a $419.04 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $419.04 | Subtotal | $419.04 | |
| 8 | Deroche, Kara | 20073 | 08/22/2020 | Administrative Priority | $1,598.80 $0.00 | Administrative Priority | $0.00 $1,598.80 | Proof of Claim asserts a $1,598.80 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,598.80 | Subtotal | $1,598.80 | |
| 9 | Erdman, Hunter J | 20092 | 08/24/2020 | Administrative Priority | $525.00 $0.00 | Administrative Priority | $0.00 $525.00 | Proof of Claim asserts a $525.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $525.00 | Subtotal | $525.00 | |
| 10 | Fleeger, John M | 20021 | 08/09/2020 | Administrative Priority | $1,470.86 $0.00 | Administrative Priority | $0.00 $1,470.86 | Proof of Claim asserts a $1,470.86 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,470.86 | Subtotal | $1,470.86 | |
| 11 | Flores, Zenaida M | 452 | 11/20/2020 | Unsecured Priority | $316.48 $0.00 | Unsecured Priority | $0.00 $316.48 | Proof of Claim asserts a $316.48 non-priority general unsecured claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $316.48 | Subtotal | $316.48 | |
| 12 | Fridriksson, Jon O | 20094 | 08/24/2020 | Administrative Priority | $3,384.62 $0.00 | Administrative Priority | $0.00 $3,384.62 | Proof of Claim asserts a $3,384.62 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $3,384.62 | Subtotal | $3,384.62 | |

Earth Fare, Inc., et al., Case No. 20-10256

FOURTH OMNIBUS: SCHEDULE 4 - Reclassified Employee Claims

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 13 | Gonzalez, Ricky K | 20118 | 08/28/2020 | Administrative Priority | $1,485.00 $0.00 | Administrative Priority | $0.00 $1,485.00 | Proof of Claim asserts a $1,485.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,485.00 | Subtotal | $1,485.00 | |
| 14 | Hicks, Amy | 20056 | 08/19/2020 | Administrative Priority | $2,163.46 $0.00 | Administrative Priority | $0.00 $2,163.46 | Proof of Claim asserts a $2,163.46 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $2,163.46 | Subtotal | $2,163.46 | |
| 15 | Hobson, Alica | 20011 | 08/05/2020 | Administrative Priority | $268.80 $0.00 | Administrative Priority | $0.00 $268.80 | Proof of Claim asserts a $268.80 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $268.80 | Subtotal | $268.80 | |
| 16 | Honablew, Romel L | 10349 | 8/17/2020 | Unsecured Priority | $937.61 $0.00 | Unsecured Priority | $0.00 $937.61 | Proof of Claim asserts a $937.61 non-priority general unsecured claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $937.61 | Subtotal | $937.61 | |
| 17 | Iommazzo, Benito | 20085 | 08/23/2020 | Administrative Priority | $298.70 $0.00 | Administrative Priority | $0.00 $298.70 | Proof of Claim asserts a $298.70 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $298.70 | Subtotal | $298.70 | |
| 18 | Jarrell, Clifford T | 20123 | 09/07/2020 | Administrative Priority | $875.09 $0.00 | Administrative Priority | $0.00 $875.09 | Proof of Claim asserts a $875.09 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $875.09 | Subtotal | $875.09 | |
| 19 | Johnson, John W | 20045 | 08/17/2020 | Administrative Priority | $680.78 $0.00 | Administrative Priority | $0.00 $680.78 | Proof of Claim asserts a $680.78 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $680.78 | Subtotal | $680.78 | |
| 20 | Kelly, Tim | 20020 | 08/08/2020 | Administrative Priority | $1,443.60 $0.00 | Administrative Priority | $0.00 $1,443.60 | Proof of Claim asserts a $1,443.60 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,443.60 | Subtotal | $1,443.60 | |
| 21 | Kinman, Angela | 50007 | 08/11/2020 | Administrative Priority | $584.85 $0.00 | Administrative Priority | $0.00 $584.85 | Proof of Claim asserts a $584.85 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $584.85 | Subtotal | $584.85 | |
| 22 | Lopez, Alonzo L | 20033 | 08/14/2020 | Administrative Priority | $608.40 $0.00 | Administrative Priority | $0.00 $608.40 | Proof of Claim asserts a $608.40 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $608.40 | Subtotal | $608.40 | |
| 23 | Lowe, Terry M | 50018 | 08/18/2020 | Administrative Priority | $1,181.62 $0.00 | Administrative Priority | $0.00 $1,181.62 | Proof of Claim asserts a $1,181.62 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,181.62 | Subtotal | $1,181.62 | |
| 24 | Lyons, Chris | 50021 | 08/19/2020 | Administrative Priority | $1,040.66 $0.00 | Administrative Priority | $0.00 $1,040.66 | Proof of Claim asserts a $1,040.66 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,040.66 | Subtotal | $1,040.66 | |

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 4 - Reclassified Employee Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 25 | Mactavious, Naheam | 389 | 8/24/2020 | Secured Priority | $678.80 $0.00 | Priority Secured | $0.00 $678.80 | Proof of Claim asserts a $678.80 secured claim for unpaid vacation time; however, if valid, the claim is entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $678.80 | Subtotal | $678.80 | |
| 26 | Manobianco, Donna M | 20027 | 08/13/2020 | Administrative Priority | $243.39 $0.00 | Administrative Priority | $0.00 $243.39 | Proof of Claim asserts a $243.39 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $243.39 | Subtotal | $243.39 | |
| 27 | Martin, Frank | 50014 | 08/17/2020 | Administrative Priority | $673.00 $0.00 | Administrative Priority | $0.00 $673.00 | Proof of Claim asserts a $673.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $673.00 | Subtotal | $673.00 | |
| 28 | Monatra, Joseph A | 20108 | 08/24/2020 | Administrative Priority | $551.76 $0.00 | Administrative Priority | $0.00 $551.76 | Proof of Claim asserts a $551.76 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $551.76 | Subtotal | $551.76 | |
| 29 | Morace, Nicholas | 20082 | 08/23/2020 | Administrative Priority | $319.20 $0.00 | Administrative Priority | $0.00 $319.20 | Proof of Claim asserts a $319.20 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $319.20 | Subtotal | $319.20 | |
| 30 | Mosley, Leanne J Lopez | 20125 | 9/8/2020 | Administrative Priority | $5,019.23 $0.00 | Administrative Priority | $0.00 $5,019.23 | Proof of Claim asserts a $5,019.23 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $5,019.23 | Subtotal | $5,019.23 | |
| 31 | Pugh, Vanessa L | 20036 | 08/14/2020 | Administrative Priority | $426.01 $0.00 | Administrative Priority | $0.00 $426.01 | Proof of Claim asserts a $426.01 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $426.01 | Subtotal | $426.01 | |
| 32 | Pullen, James M | 20024 | 08/10/2020 | Administrative Priority | $328.78 $0.00 | Administrative Priority | $0.00 $328.78 | Proof of Claim asserts a $328.78 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $328.78 | Subtotal | $328.78 | |
| 33 | Pratt, Myron | 20022 | 08/09/2020 | Administrative Priority | $980.64 $0.00 | Administrative Priority | $0.00 $980.64 | Proof of Claim asserts a $980.64 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $980.64 | Subtotal | $980.64 | |
| 34 | Ratz, Jeffrey K | 20127 | 9/14/2020 | Administrative Priority | $227.25 $0.00 | Administrative Priority | $0.00 $227.25 | Proof of Claim asserts a $227.25 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $227.25 | Subtotal | $227.25 | |
| 35 | Rehman, Acif K | 20131 | 11/28/2020 | Administrative Priority | $132.00 $0.00 | Administrative Priority | $0.00 $132.00 | Proof of Claim asserts a $132.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $132.00 | Subtotal | $132.00 | |
| 36 | Roberts, Karina Marlene | 20048 | 08/17/2020 | Administrative Priority | $2,425.13 $0.00 | Administrative Priority | $0.00 $2,425.13 | Proof of Claim asserts a $2,425.13 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $2,425.13 | Subtotal | $2,425.13 | |

Earth Fare, Inc., et al., Case No. 20-10256

FOURTH OMNIBUS: SCHEDULE 4 - Reclassified Employee Claims

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 37 | Sage, Michael H | 20009 | 08/05/2020 | Administrative Priority | $329.60 $0.00 | Administrative Priority | $0.00 $329.60 | Proof of Claim asserts a $329.60 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $329.60 | Subtotal | $329.60 | |
| 38 | Santana, Brandon G | 20031 | 08/13/2020 | Administrative Priority | $1,565.60 $0.00 | Administrative Priority | $0.00 $1,565.60 | Proof of Claim asserts a $1,565.60 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,565.60 | Subtotal | $1,565.60 | |
| 39 | Schipp, James E, Jr | 20054 | 08/19/2020 | Administrative Priority | $3,367.32 $0.00 | Administrative Priority | $0.00 $3,367.32 | Proof of Claim asserts a $3,367.32 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $3,367.32 | Subtotal | $3,367.32 | |
| 40 | Seemann, David S | 20116 | 08/27/2020 | Administrative Priority | $736.00 $0.00 | Administrative Priority | $0.00 $736.00 | Proof of Claim asserts a $736.00 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $736.00 | Subtotal | $736.00 | |
| 41 | Siefert, Nicole K | 10201 | 08/06/2020 | Secured Priority | $154.50 $0.00 | Secured Priority | $0.00 $154.50 | Proof of Claim asserts a $154.50 secured claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $154.50 | Subtotal | $154.50 | |
| 42 | Smith, Kaitlyn E | 50023 | 08/20/2020 | Administrative Priority | $454.05 $0.00 | Administrative Priority | $0.00 $454.05 | Proof of Claim asserts a $454.05 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $454.05 | Subtotal | $454.05 | |
| 43 | Soule, Matthew Scott | 20037 | 08/14/2020 | Administrative Priority | $2,883.89 $0.00 | Administrative Priority | $0.00 $2,883.89 | Proof of Claim asserts a $2,883.89 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $2,883.89 | Subtotal | $2,883.89 | |
| 44 | Takacs, Martin A | 20042 | 08/16/2020 | Administrative Priority | $1,338.26 $0.00 | Administrative Priority | $0.00 $1,338.26 | Proof of Claim asserts a $1,338.26 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,338.26 | Subtotal | $1,338.26 | |
| 45 | Teramo, Pascual L | 20079 | 08/23/2020 | Administrative Priority | $912.24 $0.00 | Administrative Priority | $0.00 $912.24 | Proof of Claim asserts a $912.24 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $912.24 | Subtotal | $912.24 | |
| 46 | Vail, Terry S | 20049 | 08/17/2020 | Administrative Priority | $1,654.09 $0.00 | Administrative Priority | $0.00 $1,654.09 | Proof of Claim asserts a $1,654.09 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,654.09 | Subtotal | $1,654.09 | |
| 47 | West, Jason M | 20059 | 08/19/2020 | Administrative Priority | $557.60 $0.00 | Administrative Priority | $0.00 $557.60 | Proof of Claim asserts a $557.60 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $557.60 | Subtotal | $557.60 | |
| 48 | Wise, Julie | 20019 | 08/08/2020 | Administrative Priority | $1,847.42 $0.00 | Administrative Priority | $0.00 $1,847.42 | Proof of Claim asserts a $1,847.42 administrative expense claim for unpaid vacation time; however, if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,847.42 | Subtotal | $1,847.42 | |

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 4 - Reclassified Employee Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 49 | Zeiba, Klaus G | 20081 | 08/23/2020 | Administrative | $1,153.85 | Administrative | $0.00 | Proof of Claim asserts a $1,153.85 administrative expense claim for unpaid vacation time; however, |
| | | | | Priority | $0.00 | Priority | $1,153.85 | if valid, the asserted amounts are entitled to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $1,153.85 | Subtotal | $1,153.85 | |
| 50 | Zenaida M, Flores | 50041 | 11/20/2020 | Administrative | $316.48 | Administrative | $0.00 | Proof of Claim asserts a $316.48 administrative expense claim for unpaid vacation time; however, if |
| | | | | Priority | $0.00 | Priority | $316.48 | valid, the asserted amounts are entilted to priority under section 507(a)(4) of the Bankruptcy Code. |
| | | | | Subtotal | $316.48 | Subtotal | $316.48 | |

## **SCHEDULE 5**

**Modified Amount, Reclassified Employee Claims**

Earth Fare, Inc., et al., Case No. 20-10256

**FOURTH OMNIBUS: SCHEDULE 5 - Modified Amount, Reclassified Employee Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | Warner, Sean G | 396 | 8/24/2020 | Administrative | $861.79 | Administrative | $0.00 | Proof of Claim asserts $861.79 as both an administrative expense under section 503(b)(9) of |
| | | | | Priority | $861.79 | Priority | $861.79 | the Bankruptcy Code and a priority claim.  However, the claim is for vacation time, which, |
| | | | | Secured | $0.00 | Secured | $0.00 | if valid, would be entitled to priority under section 507(a)(4) of the Bankruptcy Code (and |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | not section 503(b)(9)). |
| | | | | Subtotal | $1,723.58 | Subtotal | $861.79 | |
| 2 | White, Christopher | 10403 | 8/20/2020 | Administrative | $1,663.10 | Administrative | $0.00 | Proof of Claim asserts $1,663.10 as both an administrative expense under section 503(b)(9) of |
| | | | | Priority | $1,663.10 | Priority | $1,064.01 | the Bankruptcy Code and a priority claim.  However, the claim is for vacation time, which, |
| | | | | Secured | $0.00 | Secured | $0.00 | if valid, would be entitled to priority under section 507(a)(4) of the Bankruptcy Code (and |
| | | | | Unsecured | $0.00 | Unsecured | $0.00 | not section 503(b)(9)).  In addition, the Debtors' books and records show that the claimant is |
| | | | | | | | | only owed $1,064.01 for vacation time. |
| | | | | Subtotal | $3,326.20 | Subtotal | $1,064.01 | |

## **SCHEDULE 6**

**No Liability Claims**

**Earth Fare, Inc., et al., Case No. 20-10256**

**FOURTH OMNIBUS: SCHEDULE 6 - No Liability Claims**

| | CLAIMANT NAME | DATE FILED | CLAIM NO. | TOTAL CLAIM | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | Department of Treasury - IRS | 3/30/2020 | 80 | $5,000.00 | Proof of Claim asserts a priority claim for estimated taxes due for the fiscal year 2019. However, the Debtors have reviewed the claim and compared it against their books and records, and have determined that the claimant is not owed any amount for taxes, as a tax return was filed on April 15, 2020 with no taxes due. |
| 2 | State of Florida - Dept of Revenue | 5/5/2020 | 108 | $106,690.18 | Proof of Claim asserts a priority claim in connection with a sales tax audit that was conducted. However, the Debtors have reviewed the claim and the results of the sales tax audit and compared it against their books and records, and have determined that the claimant is not owed any amount for taxes. |
| 3 | Han, Jessica | 8/24/2020 | 10487 | Undetermined | Proof of Claim asserts an undetermined amount for vacation time, entitled to priority under section 507(a)(4) of the Bankruptcy Code. However, the Debtors have reviewed the Claim and compared it against their books and records and have determined that the claimant is not owed any amount for vacation time. In addition, the claimant failed to provide documentation in support of the Claim. |
| 4 | Han, Jessica | 8/24/2020 | 20095 | Undetermined | Proof of Claim asserts an undetermined amount for vacation time, entitled to priority under section 507(a)(4) of the Bankruptcy Code. However, the Debtors have reviewed the Claim and compared it against their books and records and have determined that the claimant is not owed any amount for vacation time. In addition, the claimant failed to provide documentation in support of the Claim. |
| 5 | Schumacher, Colleen L | 8/14/2020 | 50013 | Undetermined | Proof of Claim form asserts an undetermined amount for vacation time. However, the Debtors have reviewed the Claim and compared it against their books and records and have determined that the claimant is only $590.40 for vacation time, in the exact amount of Claim No. 245, and that the claimant is not owed any additional amount for vacation time. |
| 6 | Toomer, Kimberly D | 8/24/2020 | 10470 | Undetermined | Proof of Claim asserts an undetermined amount for vacation time, entitled to priority under section 507(a)(4) of the Bankruptcy Code. However, the Debtors have reviewed the Claim and compared it against their books and records and have determined that the claimant is not owed any amount for vacation time. In addition, the claimant failed to provide documentation in support of the Claim. |
| 7 | Zeiba, Klaus G | 8/23/2020 | 20080 | $195.52 | Proof of Claim asserts a $195.52 claim for vacation time, entitled to priority under section 507(a)(4) of the Bankruptcy Code. However, the Debtors have reviewed the Claim and compared it against their books and records and have determined that the claimant is only owed $1,153.85 for vacation time, in the exact amount of Claim No. 20081, and that the claimant is not owed any additional amount for vacation time. In addition, the claimant failed to provide documentation in support of the Claim. |

**EXHIBIT B**

**Blackline**

**Earth Fare, Inc., et al., Case No. 20-10256**

**FOURTH OMNIBUS: SCHEDULE 2 - Modified Amount Claims**

| | CLAIMANT NAME | CLAIM NO. | FILED DATE | ASSERTED CLAIM CLASS | ASSERTED CLAIM AMOUNT | MODIFIED CLAIM CLASS | MODIFIED CLAIM AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | Hamilton TC LLC | 10102 | 4/29/2020 | Administrative | $35,256.69 | Administrative | ~~$0.00~~$5,192.26 | Proof of Claim asserts a $35,256.69 administrative expense claim for allegedly unpaid |
| | | | | Priority | $0.00 | Priority | $0.00 | stubrent. However, the Debtors have reviewed the claim and compared it against their |
| | | | | Secured | $0.00 | Secured | $0.00 | books and records, and determined that the stubrent was paid with two checks that cleared |
| | | | | Unsecured | $582,113.72 | Unsecured | $582,113.72 | on March 10, 2020 and April 7, 2020_, and that the only remaining stubrent owed is in the_ |
| | | | | | | | | _amount of $5,192.26._ |
| | | | | Subtotal | $617,370.41 | Subtotal | ~~$582,113.72~~$587,305.98 | |