## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER
## APPROVING STIPULATION GRANTING MICHELLE PEPIN
## LIMITED RELIEF FROM THE AUTOMATIC STAY AND THE PLAN INJUNCTION

The undersigned hereby certifies as follows:

On February 4, 2020 (the "**Petition Date**"), Earth Fare, Inc. ("**Earth Fare**") and EF Investment Holdings, Inc. (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors' *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* was confirmed by the Bankruptcy Court on June 29, 2021 [Docket No. 655].

Subsequent to the Petition Date, counsel for Michelle Pepin (the "**Claimant**") requested that the Debtors consent to the Bankruptcy Court's entry of an order modifying the automatic stay and the Plan Injunction to permit the Claimant to proceed against the Debtors' applicable insurance policies in satisfaction of her claim for personal injuries sustained at one of the Debtors' premises (the "**Request**"). The Debtors and the Claimant worked together to address the Request, and have resolved the same through agreement to the entry of the proposed form of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is P.O. Box 1389, Fletcher, North Carolina 28732.

order attached hereto as Exhibit A (the "**Proposed Order**") approving that certain *Stipulation Granting Michelle Pepin Limited Relief From the Automatic Stay and Plan Injunction* (the "**Stipulation**")[2] by and among the Claimant and the Debtors, a copy of which is attached to the Proposed Order as Exhibit 1.

The Debtors respectfully submit that entry of the Proposed Order approving the Stipulation is appropriate and consistent with the Debtors' discussions with the Claimant. Counsel for the Claimant has consented to the Court's entry of the Proposed Order.

Accordingly, the Debtors respectfully request that the Court enter the Proposed Order at its earliest convenience without further notice or a hearing.

Dated: August 23, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*

Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean T. Greecher (No. 4484)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
EF@ycst.com

*Counsel to the Debtors
and Debtors-in-Possession*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Stipulation.

## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. ____** |

### ORDER APPROVING STIPULATION GRANTING MICHELLE PEPIN
### LIMITED RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

Upon consideration of the *Stipulation Granting Michelle Pepin Limited Relief from the Automatic Stay and Plan Injunction*, entered into by and among the Debtors, on the one hand, and Michelle Pepin, on the other hand, a copy of which is attached hereto as Exhibit 1 (the "**Stipulation**"),[2] and the related *Certification of Counsel Regarding Proposed Order Approving Stipulation Granting Michelle Pepin Limited Relief From the Automatic Stay and Plan Injunction*; and having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined that the agreements set forth in the Stipulation are in the best interests of the Debtors, their estates, their creditors and other parties in interest; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is P.O. Box 1389, Fletcher, North Carolina 28732.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Stipulation.

28438509.5

1.      The Stipulation attached to this Order as <u>Exhibit 1</u> is hereby **APPROVED**.

2.      The Automatic Stay and the Plan Injunction are hereby modified solely to the extent set forth in the Stipulation.  Except as set forth in the Stipulation, the Automatic Stay and Plan Injunction shall remain in full force and effect.

3.      This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order or the Stipulation.

4.      This Order and the Stipulation shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

28438509.5

2

# EXHIBIT 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION GRANTING MICHELLE PEPIN
## LIMITED RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

Earth Fare, Inc. ("**Earth Fare**") and EF Investment Holdings, Inc. (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned chapter 11 cases, on the one hand, and Michelle Pepin, (the "**Claimant**" and, together with the Debtors, the "**Parties**"), on the other hand, hereby stipulate and agree (this "**Stipulation**") as follows:

**WHEREAS**, on February 4, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

**WHEREAS,** on June 29, 2021, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 655] approving the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the "**Plan**");[2] and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084).  The mailing address for each of the Debtors is P.O. Box 1389, Fletcher, North Carolina 28732.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**WHEREAS**, prior to the Petition Date, on July 13, 2017, Claimant alleges that she sustained injuries after she slipped and fell on liquid on the floor of premises owned by the Debtors located at 2405 SW 27th Avenue, Suite 101, in Ocala, Marion County, Florida 34472 (the "**Premises**"); and

**WHEREAS**, on November 30, 2018, Claimant filed a Complaint and Demand for Jury Trial in the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida, seeking, among other relief, damages in excess of $15,000.00 as compensation for the injuries she allegedly sustained on the Premises (the "**Action**"); and

**WHEREAS,** the filing of the Chapter 11 Cases gave rise to the automatic stay under section 362 of the Bankruptcy Code (the "**Automatic Stay**"), which applied to the Action, and absent the terms of this Stipulation, the Action would be stayed and enjoined; and

**WHEREAS,** the confirmation of the Debtors' Plan provided for the issuance of a permanent injunction (the "**Plan Injunction**") against all entities who have held, hold, or may have held claims against or interests in the Debtors or their Estates that arose before or were held as of the Effective Date, which also applies to the Action, and absent the terms of this Stipulation, the Action would be stayed and enjoined thereby; and

**WHEREAS**, the Claimant has requested that the Debtors consent to the Bankruptcy Court's entry of an order modifying the Automatic Stay and the Plan Injunction to permit the Claimant to: (i) prosecute to conclusion, including any appeals therefrom, (a) the claims asserted by the Claimant in the Action and (b) any other claims which could be asserted by the Claimant as a result of the events giving rise to the claims asserted by the Claimant in the Action (collectively, the "**Claims**"); and (ii) seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by the Claimant in the Action

28438509.5

2

from the Debtors on account of the Claims solely from any insurance proceeds (the "**Insurance Proceeds**") available under any of the Debtors' applicable insurance policies (each, an "**Insurance Policy**"); and

WHEREAS, the Debtors have agreed to the modification of the Automatic Stay and the Plan Injunction to enable the Claimant to seek recovery on account of the Claims asserted in the Action against the Debtors solely from any Insurance Proceeds, solely to the extent provided herein; and

WHEREAS, through their counsel, the Parties have conferred and engaged in negotiations with respect to the Claimant's request and have resolved, as provided for herein, the issues raised by such request without the need for motion practice.

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING PREMISES, THE MUTUAL COVENANTS HEREIN CONTAINED, AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS ACKNOWLEDGED BY ALL PARTIES, THE PARTIES HERETO AGREE TO THE FOLLOWING TERMS, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT:

1.       The Automatic Stay and Plan Injunction shall be, and hereby are, modified solely to the extent necessary to permit the Claimant to (i) prosecute to conclusion, including any appeals therefrom, the Claims in the Action, and (ii) seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by the Claimant in the Action as against the Debtors on account of the Claims solely from any Insurance Proceeds.

2.       Subject to the limitations set forth in paragraph 3 below, the Claimant, and the Claimant's agents, attorneys and other representatives and anyone claiming by or through the

Claimant (collectively, the "**Claimant Representatives**"), shall look only to any Insurance Proceeds for the satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained in the Action as against the Debtors on account of the Claims.  The Claimant, on behalf of herself and the Claimant Representatives, waives the right to satisfaction of, and shall be permanently enjoined from seeking payment from, or otherwise recovering against, the Debtors and their estates, their assets and property, and all persons and entities that could assert indemnification claims or the like against the Debtors and their estates, on account of the Action, the Claim, any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained on account of the Action or the Claim in excess of the policy limits of any Insurance Policy or otherwise not paid from any Insurance Proceeds, or any other amounts or obligations arising from or related to the Action or the Claims.

3.      To the extent that the Claimant is ultimately entitled to any judgment, award, settlement, claim, distribution or any other resolution or right to payment from the Debtors obtained on account of the Action or the Claims, the Claimant, on behalf of herself and the Claimant Representatives, shall hereby be deemed to have waived such entitlement as to the portion of any such judgment, award, settlement, claim, distribution, or any other resolution or right to payment from the Debtors obtained in the Action on account of the Claims that would implicate the Debtors' obligations pursuant to any applicable self-insured retention or deductible.

4.      Upon entry of a final order by the Bankruptcy Court approving this Stipulation (an "**Approval Order**"), the Claimant, on behalf of herself and the Claimant Representatives, shall be deemed to have waived all rights to file any proofs of claim in the Chapter 11 Cases arising from or related to the Action or the Claims.

5.      Except as otherwise set forth herein, this Stipulation and any Approval Order are without prejudice to, and shall in no way affect, (i) the Claimant's rights or ability to seek further relief in the Chapter 11 Cases not related to or not in connection with the Action or the Claims, and (ii) any claims, defenses or rights of the Debtors, all of which are preserved and are in no way affected by the terms of this Stipulation and any Approval Order.

6.      Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty or admission by the Debtors or their estates that: (i) the Debtors or their estates are liable to the Claimant for any amounts at all on account of the Action or the Claims; or (ii) any causes of action, claims, or damages alleged in connection with the Action or the Claims are covered in whole, in part, or at all, under any Insurance Policy.  Although they may choose to do so, nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Debtors or any agents, attorneys, employees or other representatives thereof to defend against the Action or the Claims or to incur any costs in connection therewith.

7.      Nothing herein is intended or shall be construed to alter in any way the rights, duties, obligations, terms, conditions and provisions under any Insurance Policy.

8.      This Stipulation constitutes the complete express agreement of the Parties and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Parties, and approved by the Bankruptcy Court.

9.      This Stipulation shall remain binding on the Parties and all of their successors and assigns, including, but not limited to, any trustee appointed in the Debtors' cases under chapter 11 or chapter 7 of the Bankruptcy Code.

28438509.5

10.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.     This Stipulation is subject to the approval of the Bankruptcy Court, and the Parties have agreed to submit the Stipulation to the Bankruptcy Court for approval.

12.     This Stipulation shall become effective immediately upon entry of any Approval Order.

13.     The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation of this Stipulation or any Approval Order.


STIPULATED and AGREED to this 20th day of August, 2021.


*/s/ Louis J. Rizzo*
Louis J. Rizzo (No. 3374)
Reger Rizzo Darnall LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
lrizzo@regerlaw.com
*Counsel for the Claimant*

*/s/ Shane M. Reil*
Shane M. Reil (No. 6195)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
EF@ycst.com

*Counsel for the Debtors*